# In the United States Bankruptcy Court for the Southern District of Georgia
## Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Adversary Proceeding |
| KENNETH R. HARDIGAN | ) | |
| (Chapter 7 Case Number <u>12-40484</u>) | ) | Number <u>12-4069</u> |
| | ) | |
| *Debtor* | ) | |
| | ) | |
| | ) | **FILED** |
| | ) | Lucinda B. Rauback, Clerk |
| K.A.P., Inc. | ) | United States Bankruptcy Court |
| | ) | Savannah, Georgia |
| *Plaintiff* | ) | By lbarnard at 10:10 am, Jan 22, 2013 |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH R. HARDIGAN | ) | |
| | ) | |
| *Defendant* | ) | |

## OPINION AND ORDER

### FINDINGS OF FACT

Debtor, a sixty year old cardiologist, filed his Chapter 7 case on March 7, 2012. Debtor's schedules list litigation in the Superior Court of Chatham County between K.A.P., Inc. ("KAP"), Debtor, and One Bluff Drive, LLC, a company of which Debtor is the sole member. Dckt. No. 1 at 26.[1] KAP, a corporation in the business of general contracting and supervision of residential and commercial construction projects, entered into a contract

---

[1] For this Order, citations to the main bankruptcy case [12-40484] will appear as "Dckt. No. ___"; citations to KAP's Adversary Proceeding [12-4069] will appear as "A.P. Dckt. No. ___".

with Debtor for KAP to complete construction of various improvements and renovations to Debtor's residence (the "Property"). KAP has filed a Proof of Claim for $875,524.35 based on a Contractor's Lien, and Debtor has listed KAP's claim as "disputed" and "unliquidated" in his schedules. Dckt. No. 1 at 14. KAP filed a Contractor's Lien on the Property on May 18, 2009. Complaint, A.P. Dckt. No. 1 at 6; A.P. Dckt. No. 6 at 6. KAP also filed suit to perfect its lien with the Superior Court of Chatham County, Case Number CV09-2276. *Id.*

KAP initiated this adversary proceeding to determine dischargeability of debt pursuant to 11 U.S.C. § 523 on October 17, 2012. Complaint, A.P. Dckt. No. 1. In its Complaint, KAP asserts that due to false pretenses and representations, Debtor's liability to KAP should be nondischargeable pursuant to § 523(a)(2)(A). *Id.* at 6. KAP also argues that Debtor caused a willful and malicious injury to KAP, and thus Debtor's liability to KAP should be nondischargeable under § 523(a)(6). *Id.* at 6-7. Essentially, KAP contends that during its work on Debtor's residence, Debtor ordered additional improvements, altered the project plans, and increased the scope of the project. KAP claims it informed Debtor of the increased cost due to these changes and that Debtor assured KAP he would obtain the necessary funds to fully compensate KAP for its services. KAP states that it completed its work on the Property around March 2009, but that Debtor refused to pay in full for the agreed upon services.

Debtor filed his Answer to KAP's Complaint on November 16, 2012.

Answer, A.P. Dckt. No. 6. In his Answer, Debtor raises several defenses[2] and two counterclaims. *Id.* at 5-7. Debtor's first counterclaim alleges that KAP breached its contract with him by "failing to perform its work in a fit, timely, and workmanlike manner, failing to ensure that costs of the project were reasonable and necessary, and failing to complete the work substantially and in accordance with plans and specifications." *Id.* at 5. Debtor contends that he suffered damages as a result of KAP's breach of contract, including the costs to correct and complete the work, as well as delay damages. Debtor also argues that KAP has acted in bad faith and been "stubbornly litigious." *Id.* Debtor's second counterclaim seeks a Declaratory Judgment finding that KAP's lien is unenforceable. *Id.* at 6. Debtor asserts that KAP failed to file a notice of action within thirty days of commencing its lien action as required by O.C.G.A. § 44-14-361.1(a)(3) and (4), and therefore its lien is unenforceable. *Id.*

KAP filed its Reply to Debtor's Counterclaims on November 21, 2012, seeking dismissal of Debtor's counterclaims with prejudice. Dckt. No. 7.

## CONCLUSIONS OF LAW

It is well established that a court may decide *sua sponte* to address the issue of abstention. *In re* Applegate, 2012 WL 423850 at *2 (Bankr. S.D. Ga. January 13, 2012)

---

[2] Debtor raised nine defenses. Debtor alleged that: (1) KAP failed to state a claim upon which relief may be granted, (2) the claims are barred by KAP's breach of contract, (3) the claims are subject to set-off for damages incurred by Debtor as a result of KAP's breach of contract, (4) the claims are barred by virtue of payment of all amounts due to KAP, (5) the claims are barred by the doctrines of satisfaction, release, estoppel, issue preclusion, laches, res judicata and/or waiver, (6) KAP failed to bring cause of action for fraud in the underlying Superior Court action, and so it cannot raise that issue now, (7) the statute of limitations has expired, (8) KAP failed to allege fraud with specificity, and (9) the claims are barred by a lack of reasonable reliance. Answer, Dckt. No. 6 at 1-2.

(Davis, J.). Anytime there is a state court proceeding pending, consideration of abstention is appropriate. *Id.* This Court, in <u>In re Old Augusta Dev. Group, Inc.</u>, 2011 WL 2632147 (Bankr. S.D. Ga. May 16, 2011) (Davis, J.), set forth a detailed analysis of when the Court may abstain from hearing a particular matter. This Court explained that pursuant to the District Court for the Southern District of Georgia's July 13, 1984 Order referring all cases and proceedings related to or arising under Title 11 of the United States Code to the Bankruptcy Court of the Southern District of Georgia, this Court may exercise full judicial power over "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). However, <u>Old Augusta</u> also pointed out that 28 U.S.C. § 1334(c)(1) provides in relevant part:

> [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

This abstention provision clearly provides authority for a district court–and pursuant to the referral, the bankruptcy court–to abstain from hearing a case in deference to the state court system if certain factors are met. <u>Old Augusta</u>, 2011 WL 2632147 at *3.

This Court has considered the following factors relevant in considering abstention:

(1) the effect of abstention on the efficient administration of the bankruptcy estate;
(2) the extent to which state law issues predominate over bankruptcy issues;
(3) the difficulty or unsettled nature of the applicable law;
(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;
(5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334;
(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
(7) the substance rather than form of an asserted "core" proceeding;
(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
(9) the burden of the bankruptcy court's docket;
(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
(11) the existence of a right to a jury trial;
(12) the presence in the proceeding of non-debtor parties;
(13) comity; and
(14) the possibility of prejudice to other parties in the action.

Old Augusta., 2011 WL 2632147 at *4; *In re* TitleMax Holdings, LLC, 447 B.R. 896, 901 (Bankr. S.D. Ga. 2010) (Davis, J.).

Having reviewed these non-exclusive factors in analyzing this case, I find persuasive reasons to abstain. In particular the first, second, fourth, eighth, and thirteenth factors strongly support abstention. To begin with, there will be no significant effect on the efficient administration of the bankruptcy estate here.[3] Because this is a Chapter 7 case, no

---

[3] *See infra* note 4.

reorganization efforts are being delayed, and the state court can determine whether liability exists prior to the bankruptcy court being called upon to rule on dischargeability. Applegate, 2012 WL 423850 at *2.

Comity and respect for state jurisdiction are also compelling considerations here. A proceeding is already pending in the Superior Court of Chatham County in which the liability issues raised here will be adjudicated. Further, Debtor's counterclaims in particular are substantially state law issues. Debtor has raised a breach of contract claim and seeks a computation of damages for the alleged breach of contract. Debtor has also raised an issue under O.C.G.A.§ 44-14-361.1(a)(3) and (4), asserting that KAP failed to file a required notice of action within thirty days of commencing its lien action. Therefore, as to Debtor's liability to KAP, state issues clearly predominate over bankruptcy issues.

While the claims in KAP's Complaint in this adversary are bankruptcy matters (namely, dischargeability of debt), as noted *supra*, the state law liability issue is not so closely related to the issue of dischargeability that it cannot be severed. See In re Johnson, 2010 WL 2179616 at *2-3 (Bankr. S.D. Ga. May 25, 2010) (Dalis, J.). This Court has severed state law liability issues from core bankruptcy matters in previous cases similar to the case at bar. See, e.g., Rayonier Wood Products, L.L.C. v. Scanware, Inc. (In re Scanware, Inc.), 411 B.R. 889, 898 (Bankr. S.D. Ga. 2009) (Davis, J.) ("[I]t is entirely feasible to permit the state law issues of liability and damages to be litigated in Superior Court. To the extent

that Debtor is found liable, enforcement of the claim against it will remain in the hands of the home bankruptcy court, a result which satisfies the only federal interest in this case.").

Further, in Scanware this Court had a motion to dismiss or convert pending in the main bankruptcy case, and this Court stated that the prospect of dismissal or conversion, no matter how remote, removes "even the few tenuous considerations that favor retaining this action in a bankruptcy forum" because it is impossible to know whether the bankruptcy case will survive long-term. *Id.* at 898-99. Similar to Scanware, a Motion to Dismiss or Convert is pending in Debtor's main bankruptcy case.[4] This further supports abstaining from the liability issue here.

Accordingly, I find that discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) is appropriate and that it is in the best interests of the parties that Debtor's liability under state law be determined by the Superior Court of Chatham County. I abstain from the determination of Debtor's liability to KAP, but I reserve the right to retain jurisdiction over the issue of dischargeability under 11 U.S.C. § 523(a).

---

[4] The pending Motion to Dismiss or Convert to Chapter 11 (Dckt. No. 28), filed by SunTrust Bank in Debtor's main bankruptcy case, is set for trial on January 25, 2013. To prevent further delay to the efficient administration of this case while the Superior Court renders its decision on Debtor's liability to KAP, for the purposes of the January 25, 2013 trial, the Court will estimate the amount of KAP's claim pursuant to 11 U.S.C. § 502(c), which states:
> There shall be estimated for purpose of allowance under this section–
> (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case; or
> (2) any right to payment arising from a right to an equitable remedy for breach of performance.

## O R D E R

Pursuant to the foregoing, abstention is the proper response. It is therefore ORDERED that this Court ABSTAINS from conducting further proceedings on Debtor's liability to KAP. The parties are directed to continue the pending litigation in the Superior Court of Chatham County, Case Number CV09-2276.

It is FURTHER ORDERED that this Court shall stay consideration of the bankruptcy issues in this Adversary Proceeding until completion of the foregoing superior court case.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 18 day of January 2013.